Jeffrey P. Kaufman, ISB No. 8022
Office of Kathleen A. McCallister,
    Chapter 13 Trustee
P.O. Box 1150
Meridian, ID  83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
jpk@kam13trustee.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| In re: | Case No. 25-40053-NGH |
|---|---|
| DAVID A RANDALL, and KERRY S RANDALL, Debtors. | Chapter 13 |

**TO:**   Sanger Financial
        Attn: Clarence T. Morse, Manager
        14240 S. 2200 W.
        Bluffdale, UT  84065

### NOTICE OF TRUSTEE'S OBJECTION TO YOUR PROOF OF CLAIM

**YOU ARE HEREBY NOTIFIED** that the Trustee of the above estate has filed an objection to your Proof of Claim No. 4, originally filed on February 4, 2025, and amended on February 10, 2025, in this bankruptcy case.

**YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** You should read these papers carefully and discuss them with your attorney if you have one.

**YOU ARE HEREBY NOTIFIED** that if you do not want the Court to eliminate or change your claim and you wish to contest the Trustee's Objection to your Proof of Claim, a written reply to the objection, explaining your position, must be filed in duplicate within thirty (30) days from the date that this objection is mailed.  You must (1) file the original reply with the U.S. Bankruptcy Court, 550 West Fort Street, MSC 042, Boise, ID 83724; and (2) mail a copy to the Trustee.  If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the end of the (30) day period.

**YOU ARE FURTHER NOTIFIED** that if the objection is a matter which can be corrected by filing an amended claim, then you may do so prior to the expiration of the thirty (30) day period.

## OBJECTION TO CLAIM

COMES NOW Kathleen A. McCallister, standing Chapter 13 Trustee for the State of Idaho, by and through her attorney, Jeffrey P. Kaufman, and, pursuant to FRBP 3012, hereby objects to the allowance of Sanger Financial's ("Sanger") claim, Claim No. 4, and states the following in support:

In this case, on February 4, 2025, Sanger filed its Proof of Claim in which it asserts it holds a $221,640.00 secured claim, bearing interest at 10.00%. Claims Rgstr. No. 4. Sanger amended its proof of claim on February 10, 2025, using the correct District of Idaho form and clarifying that the claim is secured by way of deed of trust. Claims Rgstr. No. 4-2.

Attach to Sanger's proof of claim are two promissory notes and two trust deeds. The first promissory note (hereinafter "Note1"), dated January 27, 2022, is for the sum of $28,650.00. The second promissory note (hereinafter "Note2"), dated February 9, 2022, is for the sum of $34,150.00. The sole borrower on each note is David Randall.

Each note specifies that "[i]nterest is included in the principal amount[,]" that the balance is due thirty (30) days from the date of the note, and that "[n]o additional interest shall accrue on the unpaid principal."[1] The promissory notes do not provide for a default interest rate.

Each note provides that Mr. Randall may extend the due date one (1) time for thirty (30) days by paying Sanger $2,000.00. Each Note further provides that the due date may be extended on a weekly basis by Mr. Randall paying Sanger $500.00 each week. Under a plain reading of the terms of each note, Mr. Randall was obligated to pay the entire principal amount by the date

---

[1] Thirty days from January 27, 2022 is February 26, 2022, yet Note1 specified that the due date was February 28, 2022. Thirsty days from February 9, 2022 is March 11, 2022, yet Note2 specified that the due date was March 9, 2022.

specified in each note or pay a $2,000.00 curtailment for an initial one (1) month extension followed by $500.00 weekly curtailments for weekly extensions. Based upon conversations with Mr. Morse, the manager of Sanger, Mr. Randall did not make any payments on account of Note1 or Note2.

Each note further provides that in the event Mr. Randall defaults in payment of the note with respect to the principal amount due and owing on the due date, then the holder shall first give the undersigned a written notice of default, giving Mr. Randall eight (8) days to pay the unpaid balance plus a $1,000.00 penalty, then the entire amount shall be due and payable if not paid within said timeframe. Essentially, each note imposes on Mr. Randall a $1,000.00 penalty by not paying the outstanding principal by the due date, as may be extended.

Contemporaneously with the issuance of each note, Mr. Randall signed a Trust Deed to provide Sanger a security interest in his and his wife's residence. Upon information and belief, both David and Kerry Randall have a vested community interest in their residence. However, each Trust Deed is only signed by David Randall. The Trust Deeds were therefore not made in conformity with Idaho Code § 32-912 and consequently are not valid Trust Deeds. "An encumbrance is void unless both husband and wife join in the execution and their signatures are acknowledged." *U.S. v. McConkey*, 430 F.2d 652 (9th Cir. 1970).[2]

//

//

//

---

[2] Idaho Code 32-912 has been amended since 1970 twice (in 1974 and again in 1991), but the germane substance and effect of the statute, as it pertains to this matter and relied upon by the *McConkey* panel, has not substantially changed.

**25-40053-NGH | In re Randall**
**OBJECTION TO PROOF OF CLAIM**                                                                                   Page 3

Trustee objection to Sanger's claim is as follows:

**1)** The amount of the claim should be reduced to $64,800.00, which represents the principal amount of each loan ($28,650.00 & $34,150.00), plus $2,000.00 for the $1,000.00 default penalty imposed by each note.

**2)** The amount of Sanger's secured claim should be reduced to $0.00 because the trust deeds attached to the proof of claim are not signed by both debtors, whom each held a community interest in the subject property, and as such, are not valid trust deeds.

WHEREFORE, the trustee respectfully requests that the Court SUSTAIN her Objection and allow Sanger Financial to have an unsecured non-priority claim in the amount of $64,800.00 and disallow the remainder of Sanger Financial's claim.

DATED: February 21, 2025          OFFICE OF KATHLEEN A. McCALLISTER,
                                                       CHAPTER 13 TRUSTEE

                                         By:  /s/ *Jeffrey P. Kaufman*
                                                Jeffrey P. Kaufman,
                                                Attorney for Trustee

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 21, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

| | |
|---|---|
| Office of the U.S. Trustee | Alexandra O. Caval, Attorney for Debtors |
| ustp.region18.bs.ecf@usdoj.gov | alex@cavallawoffice.com |

      AND I FUTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via First Class mail, postage prepaid addressed as follows:

| | |
|---|---|
| Creditor's POC Notice Address: | Debtors' Address: |
| Sanger Financial | David A Randall |
| Attn: Clarence T. Morse, Manager | Kerry S Randall |
| 14241 S. Redwood Road. | 114 E 275 S |
| Bluffdale, UT  84065 | Jerome, ID  83338 |

Sanger Utah, LLC
A/B/N Sanger Financial
Attn: Clare T. Morse, Registered Agent
14240 Sout 2200 West
Riverton, UT  84065

*/s/ Jeffrey P. Kaufman*
Jeffrey P. Kaufman
